BROWN COUNTY, Respondent, v. HALL, Appellant.

(249 N. W. 253.)

(File No. 7513.   Opinion filed October 9, 1933.)

H. O. Hepperle, of Aberdeen, for Appellant.

Frank L. Sieh, State's Attorney, of Aberdeen, for Respondent.

ROBERTS, J.   Defendant appeals from an order overruling a demurrer to the complaint wherein it is alleged that the defendant filed with the county auditor of Brown county claims for his services as an expert witness in behalf of the state in certain criminal actions; and that the defendant was paid $266 more than was due for such services.   The verified claims are set out in full

in the complaint, and the items included therein are compensation at the rate of $15 per day for seventeen days, expense amounting to $2.50 per day, and mileage at five cents per mile. Counsel for the plaintiff urges that the allowance of witness fees is strictly statutory, and that such fees are fixed by section 5308, Revised Code of 1919, which reads in part as follows: "For each day's attendance before any court, board or tribunal * * * in all civil and criminal cases, two dollars, * * * and for each mile actually traveled by the usual route of travel, one way ten cents; * * * and provided, further, that in all criminal cases witness fees on the part of the state shall be paid by the proper county, and the fees of material witnesses on the part of the defendant shall be paid by the county unless otherwise ordered by the court."

The process of the courts may always be invoked to require witnesses to appear and testify to facts within their knowledge when relevant to the issues pending for determination. This applies to the expert witness. He may be required to testify to such matters as are within his knowledge, though he may have gained a special knowledge thereof by reason of professional learning, experience, or skill, and is not entitled to demand extra compensation for testifying thereto. Dixon v. People, 168 Ill. 179, 48 N. E. 108, 39 L. R. A. 116; Ex parte Dement, 53 Ala. 389, 25 Am. Rep. 611; Board of Com'rs of Larimer County v. Lee, 3 Colo. App. 177, 32 P. 841; Burnett v. Freeman, 125 Mo. App. 683, 103 S. W. 121; Philler v. Waukesha County, 139 Wis. 211, 120 N. W. 829, 25 L. R. A. (N. S.) 1040, 131 Am. St. Rep. 1055, 17 Ann. Cas. 712; see, also, note 2 A. L. R. 1576.

Defendant contends that he was engaged to testify as an expert pertaining to matters which resulted from investigation and special preparation for trial. It does not appear from the complaint that there was such express or implied agreement. A witness may be compelled to give to the court the benefit of the knowledge that he possesses at the time he is called upon to testify, but it is not intended by anything stated in this opinion that a witness may be required by the ordinary process of subpœna and payment of the statutory fee to especially equip himself by special research or investigation to testify either to an opinion or to any other fact which might be ascertained by special services. However, the question of the authority of a county to employ an expert to make

preliminary preparation for the purpose of qualifying himself to give expert testimony and to pay him additional compensation is not presented, and we make no determination of such authority.

A curative act was obtained from the 1933 Legislature intended to legalize certain acts of the board of commissioners of Brown county. This act (chapter 2, Laws 1933) purports to legalize all acts done under the direction of the board in the employment of a firm of accountants in the investigation of the offices and affairs of Brown county, and payment of all claims in the prosecution of civil and criminal matters revealed by such investigation. The record before us does not disclose whether the payments made to the defendant are within the terms of the statute, and the contention of counsel, that the payments in any event have been legalized, cannot be considered upon this appeal.

The order appealed from is affirmed.

All the Judges concur.