STATE HIGHWAY COMMISSION, Appellant
v.
EARL, Respondent

(143 N.W.2d 88)

(File No. 10230. Opinion filed June 2, 1966)

**Frank L. Farrar,** Atty. Gen., **John B. Wehde,** Sup. Asst. Atty. Gen., Pierre, for plaintiff and appellant.

**Morgan & Fuller, H. T. Fuller,** Mitchell, for defendant and respondent.

HANSON, Judge.

During the course of trial of ·this condemnation action the State ·subpoenaed a realtor, Erwin Asmussen, who had made an appraisal of the condemned property for defendant landowner. However, he was not called by defendant. When the State sought to examine Asmussen the trial court granted defendant's motion to suppress the same. The record is silent as to the grounds of the motion or the trial court's reason for exclusion. Thereafter, the State offered to prove Asmussen would testify, if allowed, that just compensation for defendant's property taken and damaged by the State was the sum of $16,600. The State also offered to pay the expenses and fees of this expert. Apparently Asmussen was willing to so testify.

Defendant owned a section of land near Mount Vernon in the path of Interstate 90. The condemnation involved a taking of 48.74 acres of land from the center of the section to construct an interchange together with severance damages to the remainder of the farm. Defendant's other expert land value witnesses testified to just compensation as follows:

| | |
|---|---|
| Trone | $37,000 |
| Taft | 39,500 |
| Jones | 41,250 |

The State's expert witnesses testified to a much lower scale of damages:

| | |
|---|---|
| Trygstad | $14,200 |
| Mateer | 11,200 |
| Wulf | 11,806 |

The jury awarded $22,092.60. In appealing the State contends it was reversible error to exclude the expert's opinion of value as it was not a privileged communication. Unfortunately, we have not been favored with a brief or oral argument by defendant. We may only assume such testimony was excluded as privileged under the attorney-client rule.

On few subjects is there more diversity of authority than that of expert witnesses. This may be explained, in part, upon the multiplicative and diverse nature of present day professional, expert, and technical testimony; different factual circumstances; and different statutory and procedural rules governing the subject. See annotation on the topic of compelling experts to testify in 77 A.L.R.2d 1182, and the allied subject of pretrial deposition and discovery of opponent's expert witnesses annotated in 86 A.L.R.2d 138.

It is generally held to be the duty of every citizen to respond to a subpoena. No distinction, in this respect, exists between an ordinary and an expert witness. Nor can the expert demand compensation beyond ordinary witness fees as a condition precedent to his attendance. 8 Wigmore, Evidence, § 2203, p. 140. Also, ordinary and expert witnesses may be compelled to testify, unless privileged, to any relevant factual matter within their knowledge, but it is beyond the duty of a witness to make preliminary preparations, perform professional services, make scientific tests, or listen to testimony in order to qualify or testify as an expert. There is considerable conflict of authority, however, as to when and under what circumstances an expert witness retained by one party may be compelled or will be allowed to testify to a matter of opinion upon request of the opposing party.

Some courts hold a land appraisal expert who has made an appraisal of property for one party cannot be compelled and should not be allowed over objection to express his opinion of value as such testimony is privileged under the attorney-client rule. This was the conclusion reached by the Delaware Court in State ex rel. State Highway Dept. v. 62.96247 Acres of Land, More or Less, in New Castle Hundred, New Castle County, Del. Super., 193 A.2d 799, where the landowners called an accredited expert land appraiser who had been employed by the state to evaluate a number of properties along the Turnpike and who had been present at and participated in conferences with other appraisers and attorneys for the state preparing for trial. The fact the appraiser consulted with the states attorneys in preparing for trial appears to have been an important consideration for applying the common law attorney-client privilege to such expert's opinion. Also the thought of an expert retained by one party appearing and testifying for the other party was particularly distasteful to the court. Likewise, in Brink v. Multnomah County, 224 Or. 507, 356 P.2d 536, the suppression of testimony of an appraiser retained by the county and called by landowners was sustained. Although the court said the law does not recognize a privilege of confidential communication between an appraiser and his client, but when the communication is made by an appraiser employed by the county to observe the property in question and to consult and advise the county attorney in preparing for trial, the same was privileged. It was also suggested the appraiser's report, under the circumstances might be protected from disclosure under the "work product" rule recognized in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.

In People ex rel. Kraushaar Bros. & Co. v. Thorpe, Mayor, et al., 296 N.Y. 223, 224, 72 N.E.2d 165, plaintiff subpoenaed an expert witness who had previously appraised the property involved for a prior owner. At the trial plaintiff sought to elicit his opinion as to the nature of the premises, but the witness declined to accept a fee and refused to testify, stating he did not want to participate in the case. The trial court ruled that, while the witness was required to testify with regard to what he had seen

on the premises, he had a right to refuse to answer any question connected with his experience and judgment as a real estate expert and not as an ordinary witness. In affirming the New York court elected to follow the rule in Indiana, New Jersey, Pennsylvania, and England to the effect that an expert witness cannot be compelled to give expert testimony, but may contract to do so for an adequate compensation. Expert testimony is thus viewed as a property right which must be bargained for. Consequently, in these states, a professional or technical witness cannot be compelled to express his expert opinion unless he has voluntarily contracted to do so.

Massachusetts follows a middle of the road course illustrated in Ramacorti v. Boston Redevelopment Authority, 341 Mass. 377, 170 N.E.2d 323, which involved a taking of property in the West End of Boston for redevelopment. During trial the petitioning landowner called an appraiser as a witness who had made a study and appraisal of the property for the Redevelopment Authority. When summoned, he was paid the statutory witness fee. When asked to state his opinion of value, the question was excluded. The witness said he would furthermore refuse to testify if offered an expert witness fee. In affirming the exclusion of this expert's opinion the Massachusetts court indicated it was largely a matter of fairness resting in the discretion of the trial judge. It said: "It is a general rule that an expert witness can be required, without the payment of expert fees, to give an opinion already formed. McGarty v. Commonwealth, 326 Mass. 413, 417-418, 95 N.E.2d 158. Such discretionary 'power would hardly be exercised unless * * * necessary for the purposes of justice.' Barrus v. Phaneuf, 166 Mass. 123, 124, 44 N.E. 141, 142, 32 L.R.A. 619. This general rule would apply even though the witness is * * * someone employed as an expert by the opposing party. Boynton v. R. J. Reynolds Tobacco Co., D.C.Mass., 36 F.Supp. 593, 595; Roberson v. Graham Corp., D.C.Mass., 14 F.R.D. 83, 84. In the latter instance, which is the one before us, an important consideration is whether in the circumstances it is fair for one party to acquire the expert opinion of one who has already been engaged by his adversary. The case at bar, where the petitioner seems to have had no difficulty in obtain-

ing experts of his own, is eminently no occasion for us to hold that the trial judge's exercise of discretion was in any way improper, much less that it was so wrong as to constitute error of law."

Other recent cases hold an expert's opinion of land value is not privileged. In State ex rel. Reynolds v. Circuit Court For Waukesha County, 15 Wis.2d 311, 112 N.W.2d 686, 113 N.W.2d 537, plaintiff landowner attempted to question two experts concerning their appraisal of plaintiff's property which they had made for the State Highway Commission. In denying a writ of prohibition by the state to compel the circuit judge to vacate his order requiring the appraisers to give their depositions the court concluded as a general principle the "claim of privilege may properly be interposed if one of these experts is asked to disclose a communication which he has made as a consultant employed by the highway commission to the commission or its staff or counsel in connection with the condemnation of plaintiffs' property, but the attorney-client privilege does not preclude these experts from disclosing the relevant opinions they have formed, whether reported or not, and the observations, knowledge, information, and theories on which the opinions are based." The court went on to say the "work product" rule of the Hickman case provided no basis "for refusing plaintiffs the opportunity of examining these expert witnesses concerning the relevant opinions they have formed, and the observations, knowledge, information, and theories on which the opinions are based." Although this case involved pretrial discovery of an expert's opinion it would appear Wisconsin would follow the same rule upon examination of expert witnesses during trial.

In Crist v. Iowa State Highway Commission, 255 Iowa 615, 123 N.W.2d 424, plaintiff landowner was permitted to introduce testimony, by deposition, of an appraiser who had been paid by the state highway commission. The court said the appraisal was not privileged as a communication made in professional confidence, nor did it come within any of the other statutory privileged situations. The court could discern nothing unfair about a landowner whose property was being taken to use the opinion of an

expert employed by the commission and paid by public funds as it was the duty of the commission to see that the landowner was fairly paid for his land. This leaves in doubt the question of whether Iowa would apply the same rule in case of private parties or against the landowner in condemnation cases.

During the trial of Biggers v. State, Tex.Civ.App., 358 S.W.2d 188, the landowner called and attempted to examine an appraiser who had been employed and paid by the state to make an appraisal of the property. The trial court would not allow the landowner to examine the appraiser as to value or the fact that he had been employed and paid by the state to make an appraisal. The Civil Court of Appeals held the exclusion of the expert's opinion to be error stating that "an expert valuation witness can indeed be compelled to testify as to an opinion of value which is based on an examination of the property to be valued, made during and pursuant to his engagement as an appraiser by the party adverse to the one offering the testimony." In so holding the Court of Appeals pointed out that Texas had no statutory privilege for professional men and the doctrine of privileged communications did not extend to real estate appraisers and clients. The Texas Supreme Court approved, 360 S.W.2d 516, with the understanding the trial court did not err in excluding evidence such appraiser was employed, paid, and made the appraisal for the state for the reason "That proof could have no relevancy to the issues in the case. * * * its tender could only be for the purpose of supporting the credibility of the witness or of creating the impression with the jury that the State was suppressing evidence. It would not be admissible for either purpose. By calling Cowley [the appraiser] to testify respondents make him their witness, and once his competency as an expert is established, they have no right to shore up his credibility until he is impeached or his credibility is attacked."

The California rule is in accord. In People ex rel. Department of Public Works v. Donovan, 57 Cal.2d 346, 19 Cal.Rptr. 473, 369 P.2d 1, the landowner subpoenaed and, at the trial, sought to examine an appraiser who had made an appraisal of the property for the state. The trial court excluded the testimony as privileged under the attorney-client rule. This was held to

be error as the attorney-client privilege does not protect the mental opinions or the facts obtained by an expert who like a real estate appraiser, is not passing on any information emanating from the client, such as a physician who examines a plaintiff at the request of plaintiff's attorney. See City and County of San Francisco v. Superior Court, 37 Cal.2d 227, 231 P.2d 26, 25 A.L.R.2d 1418. The landowner "sought only the opinion of the expert as to the fair market value of property he had appraised. The inquiry goes only to matters of the appraiser's subjective knowledge, as distinguished from his disclosures to plaintiff's counsel. This knowledge, in and of itself, is not privileged, nor does it acquire a privileged status merely because it may have been communicated to the attorney."

 Privileged communications are statutorily governed in this state. According to SDC 1960 Supp. 36.0101, "No person offered or called as a witness in any action or special proceeding in any court * * * shall be excluded or excused from testifying * * * because of any communication inquired about was confidentially made to the witness, except as hereinafter provided: * * * (4) An attorney cannot, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment."

The purpose behind our attorney-client privilege is to encourage a client to freely communicate with his attorney without fear of disclosure. Obviously its protective mantle does not extend to an appraiser of real property. He is not an attorney and the appraisal process of inspecting property, examining public records, comparing sales, and applying knowledge, training and experience in forming an opinion of value does not involve a confidential "communication made by the client". The mere fact the expert may have communicated his opinion of value to either the attorney or client does not make it a privileged communication.

 In Brown County v. Hall, 61 S.D. 568, 249 N.W. 253, this court said "The process of the courts may always be in-

148

voked to require witnesses to appear and testify to facts within their knowledge when relevant to the issues pending for determination. This applies to the expert witness. He may be required to testify to such matters as are within his knowledge, though he may have gained a special knowledge thereof by reason of professional learning, experience, or skill, and is not entitled to demand extra compensation for testifying thereto". The court went on to say, however, such a witness could not be required "by the ordinary process of subpoena and payment of the statutory fee to especially equip himself by special research or investigation to testify either to an opinion or to any other fact which might be ascertained by special services." Accordingly, it would appear to be settled law in South Dakota that an expert witness, such as an appraiser, may be compelled, upon payment or tender of expert witness fees' and expenses, to express his opinion of value formed while appraising property under employment for the party against whom the testimony is offered. The party calling such expert makes him his witness, therefore, the fact of prior employment or payment by the opposite party is not relevant or material. This complies with the Uniform Expert Testimony Act, SDC 1960 Supp. 36.0109-36.0118, which provides that "The fee of an expert witness called by a party but not appointed by the court shall be paid by the party by whom he was called, and the amount of such fee shall be disclosed if requested upon cross-examination."

██ In the present action the expert appraisal witness employed by defendant was willing to testify for the State which offered to pay his expert witness fees and expenses. The fact he was previously employed by defendant to appraise the subject property did not create a contractual or proprietary right in either defendant or the expert to suppress or withhold from evidence this expert's formed opinion. He should have been allowed to testify under the circumstances. To deny it constituted reversible error.

Reversed.

All the Judges concur.