WILLIAMS, Respondent v. CARR, Appellant

(167 N.W.2d 774)

(File No. 10666. Opinion filed May 14, 1969)

**Martens, Goldsmith, May & Porter,** Pierre, for defendant and appellant.

**Brady, Kabeiseman, Light & Reade,** Yankton, for plaintiff and respondent.

RENTTO, Judge.

This is an action for personal injury arising out of an accident between an automobile driven by the plaintiff and a truck being operated by the defendant's agent. The circuit court, over objections by the defendant, ordered him to answer interrogatories served by the plaintiff. These inquired whether the defendant was covered by liability insurance at the time and place of the accident, and if so, the name of the insurer and the limits of his coverage. Pursuant to SDC 1960 Supp. 33.0704—33.0707 defendant was granted permission to appeal from that intermediate order.

We dealt with this question in a somewhat different posture in Bean v. Best, 76 S.D. 462, 80 N.W.2d 565. Our holding was that the desired information was not discoverable because it did not satisfy the evidential requirements of SDC 36.0601. Since that decision our rules of civil procedure were amended effective July 1, 1966, to make them more nearly conform to the Federal Rules of Civil Procedure. This substantially broadened the scope of our discovery procedures and rendered Bean v. Best of no value as precedent in deciding this appeal.

On the question of the discoverability of the existence and limits of insurance there is a surprising divergence of opinion in the federal courts, in some instances between courts in the same district, although they all operate under identical discovery rules. There is also a division of authority in state courts governed by comparable rules or statutes. The cases are classified as to results by Joseph M. Butler in his article Discovery in South Dakota in Vol. 13, South Dakota Law Review at page 52. See also the annotation Discovery-policy Limits, 13 A.L.R.3d 822. Of the more recent cases in this field Ellis v. Gilbert, 19 Utah 2d 189, 429 P.2d 39, is representative of those that permit discovery and Washoe County Board of School Trustees v. Pirhala, Nev., 435 P.2d 756, of those that do not. Each view has substantial decisional support.

So far as material our rules here involved are similar to their federal counterparts. RCP 33 authorizes discovery by written interrogatories to be answered by a party. It is therein provided that they may relate to any matters which can be inquired into under RCP 26(b). That rule states that "the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action". It further provides that "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." These are the two permissible areas of inquiry.

One of them relates to "testimony". The other concerns "any matter not privileged, which is relevant to the subject matter" involved in the action. See Ellis v. Gilbert, supra. Since what is here being sought is not testimony our concern must be in the area of matters relevant to the subject matter. As pointed out in Pettie v. Superior Court of the State of California, 178 Cal.App.2d 680, 3 Cal.Rptr. 267, under a similar provision, the relevancy test laid down by the rule is concerned with the subject matter and not the issues. The former is much broader than the issues presented by the pleadings. The relevancy referred to is not the equivalent of evidentiary relevance.

In California it is settled law that in these circumstances a liability policy is relevant to the subject matter involved although not within the issue raised by the pleadings. Laddon v. Superior Court of the State of California, 167 Cal.App.2d 391, 334 P.2d 638; Pettie v. Superior Court, supra, and Doak v. Superior Court for County of Los Angeles, Cal.App., 65 Cal.Rptr. 193. This view is based on Sec. 11580 of their insurance code which provides that a policy of liability insurance shall contain a provision that whenever judgment is secured against the insured for bodily injury, death or property damage, an action may be brought by the judgment creditor against the insurer on the policy to recover on the judgment. It further provides that in the absence of such a provision the policy shall be construed as containing it.

The rationale of their cases is that this provision creates a contractual relation between the insurer and a third party who may be negligently injured by the insured. In view of this it is obvious that the provisions of the liability policy are not for the sole knowledge of the assured to the exclusion of the injured person. It is there held that "the very pendency of an action by the injured person brought in good faith against the named insured person gives the former a discoverable interest in the policy." Further justification is given this view by the observation that there is no substantial reason for not allowing such discovery.

The recodification of our insurance laws enacted by the 1966 session of our legislature, Ch. 111, introduced into our law a provision somewhat similar to Section 11580 of the California Insurance Code. Section 2 in Chapter 32 of Chapter 111 permits the injured party, or one claiming under him, to bring an action against the insurer to collect on his judgment under the policy. All liability insurance policies shall so provide, and if not, they shall be construed to so provide. Our statute and the California statute both require that the action on the policy may not be brought until after judgment is secured in the injury action, and our statute has the further provision delaying the bringing of the action on the policy until after execution is returned unsatisfied on the judgment in the principal action.

This additional provision does not destroy the basis of the California rule. Therefore we hold that the injured party by reason of our statute, at the time of the accident, has a right against the insurance company under the policy, subject only to procuring a judgment and the execution thereon being returned unsatisfied. Manifestly plaintiff is not a stranger to defendant's insurance coverage. Accordingly from the time she commenced this action she had a discoverable interest in any policy of insurance which defendant carried covering his liability arising out of the accident.

RCP 1 requires that our rules of civil procedure be construed to secure the just, speedy and inexpensive determination of every action. To this end they must be given a liberal interpretation. Our holding, we feel, will tend to promote these objectives in the disposition of negligence litigation by settlement or by trial, without discernible prejudice to the insured defendants. Accordingly, the order of the trial court is affirmed.

BIEGELMEIER, P. J., HANSON and HOMEYER, JJ., and FOSHEIM, Circuit Judge, concur.

FOSHEIM, Circuit Judge, sitting for ROBERTS, J., disqualified.