ALGER, Plaintiff

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
Defendant and Third-Party Plaintiff and Respondent

v.

MONTANA-DAKOTA UTILITIES CO.,
Third-Party Defendant and Appellant

(168 N.W.2d 705)

(File No. 10540. Opinion filed June 12, 1969)

**Whiting, Lynn, Jackson, Freiberg & Shultz,** Rapid City, for third-party defendant and appellant.·

**Bangs, McCullen, Butler, Foye & Simmons,** Rapid City, for defendant and third-party plaintiff and respondent.

RENTTO, Judge.

The question presented by this appeal concerns the pretrial discovery under RCP 34 of a written report made by an opponent's expert.

Plaintiff's home in Lead, South Dakota, together with its furnishings, were damaged by an explosion and fire. He instituted this action against the defendant insurance company to recover for his loss under a policy of insurance which it had issued. The answer of the insurance company admitted liability and asked only that the amount thereof be determined.

Montana-Dakota Utilities Company furnished natural gas to plaintiff at his dwelling and to the general public in that area. Claiming that the explosion resulted from gas which the gas company had allowed to escape from its distribution system the insurance company as third party plaintiff made the gas company a third party defendant and sued it for indemnification. The gas company answered denying liability.

The gas company's answers to interrogatories served by the insurance company revealed that Dr. Sandvig, a professor at the South Dakota School of Mines & Technology in Rapid City, had investigated the explosion on its behalf and prepared a written report containing his opinions and conclusions concerning the explosion. Pursuant to RCP 34 the insurance company moved for an order requiring the gas company to produce and permit it to inspect and copy the report. Over its objections the trial court ordered the gas company to produce the report. As authorized by SDC 1960 Supp. 33.0704—33.0707 we granted it permission to appeal from that intermediate order.

The State Fire Marshal's office had in its possession a valve or control device and miscellaneous gas appliances apparently taken from the plaintiff's home or its immediate vicinity. The gas company arranged for Dr. Sandvig to conduct an investigation of these at the School of Mines Building. All parties were notified in advance of the time and place of this examination, including the Foster Adjustment Company which had investigated the incident for the insurance company. A

representative of the adjustment company was present at the examination. The same procedure was followed when it later had him examine a piece of pipe, a part of the gas company's distribution system, taken from the street adjacent to plaintiff's home. All parties were again present.

Our Rule 34 entitled DISCOVERY AND PRODUCTION OF DOCUMENTS AND THINGS FOR INSPECTION, COPYING, OR PHOTOGRAPHING provides that:

> "Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control; or (2) order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying, or photographing the property or any designated object or operation thereon within the scope of the examination permitted by Rule 26(b). The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just."

After our recent amendment of this rule effective July 1, 1966, it conforms to its counterpart Rule 34 of the Federal Rules of Civil Procedure.

It is to be noted that this rule contains the requirement that the party making the motion must affirmatively demonstrate good cause. This restriction does not appear in any of our other discovery procedures except RCP 35. One of the grounds on which

the gas company resisted the motion was that good cause had not been shown for the production of the report. In its motion the insurance company asserted that the report "constitutes or contains evidence relevant and material to a matter involved in this action, as is more fully shown in the affidavit attached hereto marked Exhibit 'A' and by this reference made a part hereof."

The affidavit in support of the insurance company's motion stated that indemnification was sought on the grounds that the gas company was negligent in the construction, maintenance, repair and inspection of its gas mains and that such negligence caused the explosion and plaintiff's damage. As to why inspection of the report should be permitted it states:

> "That other than the officials of the State Fire Marshall's office, Dr. Sandvig is the only person schooled in the nature and propensities of natural gas who conducted an immediate investigation into the cause of the fire and explosion referred to in plaintiff's complaint and who tested the controls and section of pipe hereinbefore referred to. That it is material and necessary and most important for third party plaintiff to have access to the information contained in the report of Dr. Sandvig in order to establish third party plaintiff's right to indemnification from third party defendant."

From the record it appears that these articles are still available and suitable for examination by an expert. Apparently the motion was heard on the record as it then existed without additional evidence being submitted.

In a footnote to Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, probably the most important case written concerning discovery under the Rules of Civil Procedure, the court observed that Rule 34 is explicit in its requirement that a party show good cause before obtaining a court order directing another party to produce documents. · More recently in Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152, it was

noted that Rule 34's good cause requirement is not a mere for-mality, but is a limitation on the use of that rule. While the rules are to be liberally construed we may not disregard any plainly expressed provision, especially one of limitation.

■ That opinion further indicates that the requirement is not met by mere conclusory allegations of the pleadings, nor mere relevance to the case, but requires an affirmative show-ing by the movant that good cause exists for the order sought. In other words, good cause is more than relevancy. To hold otherwise would read the good cause requirement out of the rule. The production of the document under the express terms of the rule is permitted on motion of any party showing good cause, not upon the bare allegation or recitation that good cause exists. Martin v. Capital Transit Co., 83 U.S.App.D.C. 239, 170 F.2d 811.

■ The concern of a trial court in matters of this kind is well stated in this generalization from Williams v. Continental Oil Co., 10 Cir., 215 F.2d 4:

"No abstract rule of thumb has been devised for ready use in determining in every case whether good cause has been shown. In each case the question is whether special circumstances make it essential to the preparation of the moving party's case that the desired information be made available to him. And in apprais-ing for that purpose the circumstances in a particular case, the trial court is vested with a reasonable range of discretion to be exercised with due regard for the interests and equities of the parties."

It seems to us that the insurance company has failed to set forth or show the existence of special circumstances which would make the report essential to the preparation of its case.

In his memorandum decision the trial judge does not men-tion good cause as such. He does go on to say, however, that "fairness dictates that Third Party Plaintiff should not be con-

fronted with the expert witness' testimony for the first time at the trial. There is every reason to permit discovery in the interest of a fair exposure of the witness' findings to proper rebuttal and cross-examination, which requires time for preparation." But these are not the kind of special circumstances that justify an order of production. They are otherwise labeled in Alltmont v. United States, 3 Cir., 177 F.2d 971, wherein it is written:

> "In other words he must show that there are special circumstances in his particular case which make it essential to the preparation of his case and in the interest of justice that the statements be produced for his inspection or copying. His counsel's natural desire to learn the details of his adversary's preparation for trial, to take advantage of his adversary's industry in seeking out and interviewing prospective witnesses, to help prepare himself to examine witnesses or to make sure that he has overlooked nothing are certainly not such special circumstances since they are present in every case."

See also Hauger v. Chicago, Rock Island & Pacific R. R. Co., 7 Cir., 216 F.2d 501.

The trial court's reasons for granting the order of production do not constitute good cause under RCP 34. In Guilford National Bank of Greensboro v. Southern Ry. Co., 4 Cir., 297 F.2d 921, appear these statements:

> "We think that the showing of good cause required by Rule 34 is not made by a demonstration that the desired written statements of witnesses are relevant to the controversy and will aid the moving party in his preparations for trial."

and

> "Doubtless, written statements of witnesses, if placed in the hands of opposing counsel, could aid him in preparing his case because this would give him a specific

indication of the forthcoming testimony and a basis for impeachment if a witness departed from his prior statements. There is also the possibility that counsel would gain information opening up new areas for investigation before trial. However, these considerations must have been before the Advisory Committee that drew up the Rules and the Supreme Court when it adopted them. It is noteworthy that, while the Advisory Committee in 1955 urged deletion of the good cause requirement, the Supreme Court did not act on the recommendation."

A somewhat similar amendment has recently been proposed to the United States Supreme Court's Advisory Committee on Federal Rules of Civil Procedure and sent to the U.S. Judicial Conference for consideration.

Many of the cases urged by the insurance company in support of the order are concerned with discovery by pretrial oral examination of the witness himself rather than with securing his written statement. Since under the rules governing discovery the former may be taken without prior sanction or knowledge of the court the matter of good cause is not involved in them. As to depositions on oral examination see RCP 30(b) and as to interrogatories to witnesses see RCP 31(a). However, production of a document may not be required unless the court first determines that good cause for the request is demonstrated.

In support of its motion the insurance company does not claim that the contents of the report cannot be obtained by other means. This feature has a bearing on the question of good cause. Schlagenhauf v. Holder, supra. Good cause is more readily found where the information cannot be had from other sources. Federal Practice & Procedure—Rules Edition— Barron & Holtzoff (Wright) Vol. 2A, § 796. It can hardly be contended that the production of the report is essential to the insurance company's preparation of its case until it appears that the contents thereof are not otherwise discoverable. Because the insurance company's showing of good cause does not sat-

isfy the requirement of the rule, we hold that the trial court erred in ordering the gas company to produce the report of its expert.

In its opposition to production the gas company alleged additionally that to permit such would be manifestly unfair and prejudicial to it, and that the report was the work product of its attorney. Both of these grounds have met with some success in the courts. 23 Am.Jur.2d, Deposition & Discovery, § 200; 97 A.L.R.2d 770. However, since our decision on the question of good cause is dispositive of this appeal we need not labor these additional grounds of objection.

Reversed.

BIEGELMEIER, P. J., and ROBERTS and HOMEYER, JJ., concur.

HANSON, J., dissents.

HANSON, Judge (dissenting).

The Rules of Civil Procedure should be construed "to secure the just, speedy and inexpensive determination of every action." Following this admonition to the periphery of permissible discovery in the concurrent case of Williams v. Carr, 84 S.D. 102, 167 N.W.2d 774, this court holds a plaintiff in a tort action has a pretrial discoverable interest under RCP 33 in any policy of liability insurance carried by the defendant.

Contrariwise, defendant in the present action is denied pretrial right of discovering the report and opinion of opponent's expert witness under RCP 34. The scope of discovery permitted under RCP 33 and RCP 34 is identical. It may relate to any matter which can be inquired into under Rule 26(b). This extends to "any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *." In State Highway Commission v. Earl, 82 S.D. 139, 143 N.W.2d 88, we held expert testimony was not privileged and could not be suppressed by reason of a contractual or proprietary interest.

In my opinion, the expert's opinion and the factual foundation upon which it rests is more relevant to the subject matter involved than was defendant's policy of liability insurance in Williams v. Carr, supra.

Fundamental fairness constitutes good cause for discovery under RCP 34 in my opinion. It is inherent in the elimination of trial surprise and the ordinary expert's reports and findings are not sacrosanct and should not be immune from any method of pretrial discovery. It exists in the need to know before trial what the expert's opinion will be and what it rests upon. Henlopen Hotel Corporation v. Aetna Insurance Company, 33 F.R.D. 306 (D.C.Del.1963). The burden of showing "good cause" under this rule should not be onerous and its sufficiency should be left to the sound judicial discretion of the trial court. In this regard, it should be remembered that the main cause of action was settled by the insured before defendant was impleaded as a party.

The majority opinion indicates discovery of the expert testimony could be obtained by oral deposition under Rule 30 where the element of good cause would not be a factor. If so, we should follow the example of Colden v. R. J. Schofield Motors, D.C., 14 F.R.D. 521 which recognized the possibility that expert information might otherwise be secured by taking the oral deposition of plaintiff's expert, but in the interests of time and expedition of litigation, the expert's statement was ordered to be produced and furnished to the opposing party.

However, "good cause" is an element in Rule 30(b). It states "After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and **for good cause shown,** the court in which the action is pending may make an order that the deposition **shall not be taken** * * *." The burden of showing good cause is merely placed on the opposing party. It would appear, therefore, that "good cause" required for pretrial discovery under Rule 34 would constitute "good cause" for denying pretrial oral examination under Rule 30(b). This

close relationship is pointed out and discussed in United Air Lines, Inc. v. United States, D.C., 26 F.R.D. 213:

"Rule 26 allows parties to proceed to take depositions without leave of court, while 30(b) establishes a protective function to be exercised by the court only after the examination touches upon disputed matter. Rule 34, however, allows inspection of documents within a party's control only after a court order has been secured. This disparity in method arguably may indicate that the requirements imposed by 34 are stricter than those under 26 and 30(b). Under this interpretation, a party barred from examination of a document by 34 might still be allowed to inquire as to its contents under 26. Rule 34, however, specifically incorporates the scope of examination allowed by 26(b) and is 'subject to the provisions of Rule 30(b).' This language clearly demonstrates that although the method by which the parties must proceed under each rule differs, there is no disparity between 26 and 34 in the legal standards which must be applied when a question as to the scope of permissible examination arises in a particular case. This accords with common sense, for 26 should not become a means to circumvent 34, see E. I. Du Pont De Nemours & Co. v. Phillips Petroleum Co., D.C.D.Del.1959, 23 F.R.D. 237, and the requirements of 34 should not be so strict as to force a party to use only the unreliable device of oral testimony to discover what is accurately set out on paper. What is said henceforth in reference to documents should, therefore, be considered applicable to examination upon deposition also."

I would affirm with directions to modify the order allowing discovery by conditioning it upon:

1. A mutual exchange of all experts' reports; and/or

2. A sharing of the experts' fees and expenses. In this regard, see State ex rel. Dudek v. Circuit Court for Milwaukee County, 34 Wis.2d 559, 150 N.W.2d 387.