STATE, DEPT. OF TRANSPORTATION, Plaintiff v.
GRUDNIK et ux, Defendants

(243 N.W.2d 796)

(File No. 11795. Opinion filed July 2, 1976)

Rehearing granted July 29, 1976, and Order sustaining opinion on
rehearing filed September 7, 1976.

Carl W. Quist, Camron Hoseck, Asst. Attys. Gen., Pierre, for
plaintiff and appellant; William J. Janklow, Atty. Gen., Pierre, on
the brief.

Horace R. Jackson of Lynn, Jackson, Shultz, Ireland &
Lebrun, Rapid City, for defendant and respondent, Franchise
Realty Co.

ANDERST, Circuit Judge.

This is an intermediate appeal from an order of the circuit court. It involves an interpretation of the South Dakota Rules of Civil Procedure concerning the taking of a pretrial discovery deposition of the opponent's expert witness and requiring him to produce designated books, papers, documents, or tangible things which are in his possession, custody or control.

Plaintiff, State of South Dakota, brought a condemnation proceeding for the acquisition of land and temporary easements needed for the reconstruction of a bridge and abutting highway over Rapid Creek in Rapid City, South Dakota. Respondent, Franchise Realty Company, served a notice of taking adverse deposition of William Hobson, plaintiff's retained expert real estate appraiser. At the same time, respondent served a subpoena duces tecum upon said William Hobson, directing that not only should he be present but also that he produce certain documents and papers, among other things, under his control or in his possession. Plaintiff moved to stay discovery and quash the above notice and subpoena. After a hearing thereon, an order was entered by the circuit court denying plaintiff's motion to quash.

Our pretrial discovery rules have been modeled on the Federal Rules of Civil Procedure, with some variations.[1] The leading case concerning discovery, Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, sets out the rule, with which we concur, as follows:

> "the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. The deposition-discovery procedure simply advances the

1. So far as material, our rules here involved are similar to their federal counterparts before the federal rules were amended and rearranged in 1970.

stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise. But discovery, like all matters of procedure, has ultimate and necessary boundaries."

Plaintiff's first contention is that the circuit court erred in refusing to quash the taking of the oral deposition of its expert witness. SDCL 15-6-26(a) provides that:

"Any party may take testimony of any person, including a party, by deposition upon oral examination * * * for the purpose of discovery * * * The attendance of witnesses may be compelled by the use of subpoena as provided in § 15-6-45 * * *."

The scope of examination by deposition is set out in SDCL 15-6-26(b) as follows:

"Unless otherwise ordered by the court as provided by § 15-6-30(b) or § 15-6-30(d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party * * *."

In State Highway Commission v. Earl, 1966, 82 S.D. 139, 143 N.W.2d 88, we held it to be the duty of every citizen to respond to a subpoena and that expert testimony was not privileged and could not be suppressed by reason of a contractual or proprietary interest. Further, "[i]t is settled law in this state that in condemnation actions an appraiser for the other party may be called upon to testify." Rapid City v. Baron, 1975, 88 S.D. 693, 227 N.W.2d 617. Therefore, since the expert witness could be compelled to testify at the time of trial, it is only logical under a liberal interpretation of our discovery rules that he can be examined by a pretrial discovery deposition regarding such testimony.

Plaintiff further alleges that the circuit court erred in com-

pelling its expert witness to produce certain documents and papers under the subpoena duces tecum. It is its contention that production of documents for discovery purposes can only be compelled under the provisions of SDCL 15-6-34.[2] The pertinent provisions of that statute are:

> "Upon motion of any party showing *good cause* therefor * * * the court * * * may
>
> (1) order any *party* to produce * * documents, papers, books * * * which are in his *possession, custody, or control* * * *." (Emphasis supplied)

We believe the United States Supreme Court stated the applicable rule in Hickman v. Taylor, supra, that the procedure for compelling production of documents at a deposition depends on whether the deponent is or is not a party. SDCL 15-6-34 is limited to parties to the proceedings, thereby excluding their counsel or agents. If the deponent is not a party, production of documents can be compelled only by a subpoena duces tecum issued under SDCL 15-6-45. The respondent followed the procedures required by statute in noticing taking of deposition and subpoenaing the witness. Plaintiff, under such a procedure, has the right to a hearing and the burden of proof, upon the grounds specified in SDCL 15-6-30(b) and 15-6-45(b), to quash or modify the subpoena or to limit what matters shall be inquired into. Upon the records and files as presented to us on appeal, the circuit court ruled properly.[3]

However, the plaintiff no doubt has gone to great expense to hire Mr. Hobson for the purposes of having him make his ap-

---

2. Plaintiff cites Alger v. American Family Mutual Insurance Co., 1969, 84 S.D. 137, 168 N.W.2d 705, as authority for its position. The ruling therein is not applicable, as the motion to produce was made under the provisions of SDCL 15-6-34. We reversed, holding the moving party did not satisfy the statutory "good cause" requirement.

3. Under Supreme Court Rule 76-3 (SDCL 15-6-26(b)(4)), adopted by the court effective July 1, 1976, the procedure for obtaining facts known and the opinions of experts is set out in detail. While these procedures were not followed by the respondent, as they were not in effect on the dates in question, the trial court did hear the matters under SDCL 15-6-30(b) and 15-6-45(b) and made its finding accordingly which we deem to be sufficient under the rules then in force.

praisal and ultimately testify at time of trial. It would be grossly unfair to allow respondent to share in this information without sharing the cost of hiring the expert witness. As stated in 4 Moore's Federal Practice, ¶ 26.66[1]:

> "Litigants commonly pay experts substantial fees for obtaining their advice, and, as a general proposition, it is oppressive and unjust to permit a party to take advantage of his opponent by obtaining his expert witness' opinion, before trial, without paying any part of the cost thereof."

Under this rule, which we hereby adopt, the circuit court should make a finding requiring that respondent pay plaintiff's expert his fees for his attendance at the deposition,[4] and also requiring that respondent pay plaintiff a reasonable portion of the cost of having the expert prepare his opinion and make his appraisal report, before requiring the appraiser to give his deposition.

The case is remanded to the circuit court for further proceedings not inconsistent with this opinion.

DUNN, C. J., and WINANS and WOLLMAN and COLER, Justices, concur.

ANDERST, Circuit Judge, sitting for DOYLE, J., who prior to his death, disqualified himself from taking part in the decision in this action.

---

4.  See SDCL 15-6-45(c) and SDCL 19-6-10.