**22**

Roger N. GAGNE and Irene M. Gagne, Plaintiffs,

v.

RALPH PILL ELECTRIC SUPPLY COMPANY, Defendant and Third-Party Plaintiff,

v.

POWER ANCHOR CORPORATION, Third-Party Defendant.

RALPH PILL ELECTRIC SUPPLY COMPANY, Plaintiff,

v.

COLONIA INSURANCE COMPANY, a/k/a Colonia Verischerune, A.G., Zurich Insurance Company, a/k/a Zurich Verischerune-Gesellschaften, Roger N. Gagne, and Irene M. Gagne, Defendants.

Civ. Nos. 85–0263–P, 86–0157–P.

United States District Court, D. Maine.

Jan. 15, 1987.

See also, D.C., 630 F.Supp. 1095.

George W. Beals, Portland, Me., David R. Ordway, Ordway, Delicata & Albanese, Biddeford, Me., for plaintiffs.

Harrison L. Richards, Thomas E. Getchell, Richardson, Tyler & Troubh, Portland, Me., for defendants.

Graydon G. Stevens, Portland, Me., for Power Anchor Corp. and Colonia.

Paul G. Vielmetti, Thompson, McNaboe & Ashley, Portland, Me., for Zurich.

## MEMORANDUM OF DECISION AND PROCEDURAL ORDER

GENE CARTER, District Judge.

### I.

Currently before the Court in this consolidated action are the motions by Plaintiffs-Defendants Roger N. and Irene M. Gagne (the Gagnes) and Plaintiff-Defendant-Third-Party Plaintiff Ralph Pill Electric Supply Company (Pill) for an order to compel production of certain documents requested under Notices of Depositions *duces tecum.* Defendants Colonia Insurance Company [Colonia] and Zurich Insurance Company (Zurich) had previously filed motions for

protective orders with respect to these same Notices, to which the Court had responded through its Order of October 9, 1986, requiring production of the requested documents absent some ground for nonproduction. Subsequent to that Order, Colonia has indicated that it would decline to produce certain documents on three grounds: (1) that the documents are protected by attorney-client privilege; (2) that the documents constitute work product; and (3) that some documents are irrelevant to the consolidated case now before the Court.

The consolidated case arises from events occurring subsequent to a prior controversy litigated in this Court, *Gagne v. Power Anchor Corp.*, No. 82–0134–P. In that personal injury action, the Gagnes sought to recover damages from the manufacturer, Carl Bauer Schraubenfabrick GmbH (Bauer), and the distributor, Power Anchor Corp. (Power Anchor), of a powder-actuated fastening device that·had fired a three-inch projectile into the head and neck of Mr. Gagne. In March 1985, the Gagnes obtained a $4,700,000 judgment against Power Anchor. In May 1985, the Gagnes obtained an additional $5,000,000 judgment against Bauer. In July of that year, the Gagnes settled all claims against Power Anchor, Bauer, and their insurers, Colonia and Zurich, for $1,700,000 and executed a release and indemnity agreement.

Subsequently, the Gagnes have commenced an action in this Court against Pill, the retail seller of the device, alleging various products liability theories, *Gagne v. Ralph Pill Electric Supply Co.*, Civil No. 85–0263–P. Pill has brought in Power Anchor as a Third-Party Defendant, seeking contribution, indemnification, and defense costs. Power Anchor has counterclaimed against Pill for contribution and has cross-claimed against the Gagnes for indemnification under the release and indemnity agreement. In response to a motion by the

Gagnes, the Court dismissed the Gagnes' complaint against Pill in an Order dated September 8, 1986.

In addition, Pill has commenced a separate action against Colonia, Zurich, and the Gagnes, *Ralph Pill Electric Supply Co. v. Colonia Insurance Co.*, Civil No. 86–0157–P. Pill seeks a declaration of its rights under a vendors endorsement to the Colonia policy and indemnification by the insurers and the Gagnes. In addition, Pill seeks damages against the insurers on a theory of bad faith. The Gagnes have cross-claimed against Colonia and Zurich, seeking to set aside the release on theories of fraud, misrepresentation, and mistake. Both Colonia and Zurich have also cross-claimed against the Gagnes for indemnification. In its September 8th Order, the Court dismissed Pill's action against the Gagnes, in response to a motion by Pill, at which time the Court also consolidated the two cases.

In response to Pill's Motion to Compel, in which the Gagnes have now joined, the Court had held a hearing on October 30, 1986 and had requested briefing by counsel on the substantive issues of law raised by the parties at that hearing. Essentially, the Gagnes seek to defeat Colonia's claims of attorney-client privilege and work-product immunity on the ground that the nature of Colonia's conduct at issue herein vitiates the protections afforded by either the privilege or the immunity invoked by Colonia. Pill claims that Colonia has waived the attorney-client privilege. In addition, Pill and the Gagnes claim that the documents are no longer protected by the work product doctrine.

## II. *Attorney-Client Privilege*

### A. *Allegations of Fraud*

█ The assertion of attorney-client privilege in this diversity action is controlled by Maine Rule of Evidence 502. Fed.R.Evid. 501.[1] The Gagnes argue, based on their

---

1. The Rule provides:
   Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the

Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the

specific allegations of fraud, that Maine Rule 502(d)(1) prevents the assertion of privilege in response to the current request for documents. That portion of the Rule provides:

(d) *Exceptions.* There is no privilege under this rule:

(1) *Furtherance of Crime or Fraud.* If the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or reasonably should have known to be a crime or fraud....

Maine R.Evid. 502(d)(1).

The precise scope of this exception and the prerequisites for its application are apparently matters of first impression in Maine. Other jurisdictions, however, have considered these questions in relation to similar rules and the common law exception upon which Maine Rule 502(d)(1) is based. They have concluded that those who assert the fraud exception to the privilege must present *prima facie* evidence of fraud. *Clark v. United States,* 289 U.S. 1, 15, 53 S.Ct. 465, 469–70, 77 L.Ed. 993 (1933) (*dicta*); *In re Grand Jury Proceedings,* 680 F.2d 1026, 1028 (5th Cir.1982); *In re Sealed Case,* 676 F.2d 793, 812, 814–15 (D.C.Cir.1982); *In re Blier Cedar Co.,* 10 B.R. 993, 999 (Bankr.D.Me.1981) (per Cyr, J.). *Accord Craig v. A.H. Robins Co.,* 790 F.2d 1, 3 (1st Cir.1986) (noting the magistrate's ruling that the plaintiff had made a *prima facie* case). *See generally* 4 *Moore's Federal Practice* ¶ 26.60[2], at 26–. 204 (2d ed. 1986). *But see In re John Doe Corp.,* 675 F.2d 482, 488 (2d Cir.1982) (applying probable cause standard).

■ The Gagnes' *prima facie* evidence of fraud consists totally of their allegations in their Crossclaim against Colonia

and Zurich, all of which, except one, have been controverted. The exception is that Colonia admits that it never mentioned Pill's status as an insured of Colonia in Colonia's settlement negotiations with the Gagnes. For this admission, in and of itself, to support an allegation of fraud, the Gagnes must present some facts showing that Colonia concealed Pill's status as its insured either with knowledge of his status or in reckless disregard of the truth or falsity of this fact.[2] *Emerson v. Ham,* 411 A.2d 687, 689 (Me.1980); *Horner v. Flynn,* 334 A.2d 194, 203 (Me.1975), *modified on other grounds by Taylor v. Commissioner of Mental Health,* 481 A.2d 139, 153–54 (Me.1984). A mere negligent failure to discover Pill's status, however, will not support a finding of fraud and should not, in the Court's view, be sufficient to support a *prima facie* showing of fraud. *See Emerson v. Ham,* 411 A.2d at 690 (noting that action for fraud requires a substantially higher burden of proof of knowledge than mere negligence).

■ In the absence of any factual basis to support the Gagnes' allegations, the Court must find that the record before it is insufficient to establish a *prima facie* case of fraud. The Court is not suggesting, however, that the Gagnes are foreclosed from establishing a *prima facie* case, by affidavits or a hearing, either before or after additional discovery is pursued, or by an *in camera* examination of the documents themselves if a *prima facie* case cannot be established by any other means.

### B. *Agency Theories*

■ Pill argues that the relationship between itself and Colonia, as insured and insurer, creates an agency relationship and

---

common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.
Fed.R.Evid. 501.

**2.** Generally, a specific showing of intent is not necessary to establish a *prima facie* case of fraud. *See In re Sealed Case,* 676 F.2d 793, 815 (D.C.Cir.1982). In this case, the Court mentions the need for some facts showing Colonia's state of mind only because the solitary *fact* before the Court is insufficient to establish the requisite *prima facie* case. Additional facts might obviate the need to show state of mind.

fiduciary duties which are sufficient in and of themselves to enable Pill to waive the attorney-client privilege. In support of this argument, Pill relies by analogy on cases addressing insurers' bad faith failure to settle cases within policy limits.

The Court is not persuaded that an analogy should be drawn to that line of cases. In those cases, each insured was a party in the original litigation. Therefore, in a subsequent action against its insurer, the insured has gained access to communications that occurred in the original action between the insurer and its attorney because in the original action, "the insurance company and the policy-holder are in privity. Counsel represents both...." *Shapiro v. Allstate Ins. Co.*, 44 F.R.D. 429, 431 (E.D.Pa. 1968). It is the fact of this joint representation in the same matter that defeats the insurer's claim of a separate privilege. *Id. See also* Maine R.Evid. 502(d)(5). In other words, the insured can waive the privilege because it is his own privilege. If, however, the Court were to draw the analogy requested by Pill, it would allow one who was not a party to the original litigation and who was unknown to the attorney involved to overcome the attorney-client privilege of the insurer and the original insured solely on the basis that he is also an insured who may be liable to the original plaintiff. Pill has cited no case in which this exception has been applied where the insured seeking to impose a waiver of the privilege was not a party to the original litigation. Consequently, the Court cannot conclude that a stranger to the original litigation has the power, based solely on its status as an insured, to waive the insurer's and the original insured's attorney-client privilege.

### C. *Advice of Counsel as a Defense*

■ Pill also argues that Colonia has waived the attorney-client privilege because the advice of counsel is at issue in the current controversy. A careful review of the materials before the Court fails to disclose, however, that Colonia has indeed asserted reliance on the advice of counsel as an essential element of its defense. *Cf.*

*Panter v. Marshall Field & Co.*, 80 F.R.D. 718, 720–22 (N.D.Ill.1978) (attorney-client privilege waived where discovery had revealed heavy reliance by the defendants on the advice of counsel). Pill has not provided the Court with any example of such reliance by Colonia. Consequently, the Court finds no basis at this time upon which it might apply the principles of waiver to this case.

In sum, the Court concludes that it does not have before it the factual predicates necessary to a finding that Colonia's claim of attorney-client privilege has been waived or vitiated in the present controversy. This conclusion in no way implies that the necessary factual predicates do not exist in this case or may not be developed in subsequent phases of discovery. The Court is well aware that these predicates may exist only in the documents' themselves and consequently does not wish to imply that it has irrevocably foreclosed access to these documents. Instead, the Court's conclusion is merely that the predicates for disclosure are not present in the record currently before the Court.

### III. *Work Product Immunity*

■ Pill, who is joined in this part of the argument by the Gagnes, asserts two bases for its contention that work product immunity does not apply to the documents in question: (1) because these documents were not prepared in anticipation of the present litigation, and (2) because Pill has made the necessary showing of substantial need and undue hardship under Fed.R. Civ.P. 26(b)(3). As the protection given work product is a creation of the federal rules, federal law controls this part of the Court's decision.

### A. *The Prior-Present Litigation Distinction*

■ Those courts that have considered the question of whether the work product immunity extends beyond the litigation for which the documents were prepared have reached varying results. *See Federal Trade Comm'n v. Grolier Inc.*, 462 U.S. 19, 24 & n. 7, 103 S.Ct. 2209, 2212–13 n. 7,

76 L.Ed.2d 387 (1983) (listing cases decided through 1970). The Gagnes and Pill rely on a line of cases that allows discovery of work product documents prepared for a prior proceeding by persons who were not parties in that original proceeding. *E.g., Honeywell, Inc. v. Piper Aircraft Corp.,* 50 F.R.D. 117, 119 (M.D.Pa.1970). Colonia argues that the majority view is that work product in one case is entitled to the same protection in subsequent actions if the cases are closely related. *E.g.,* 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2024, at 200–01 (1970). *Accord Federal Trade Comm'n v. Grolier Inc.,* 462 U.S. at 25, 103 S.Ct. at 2213 (explaining that the plain language of Rule 26 indicates that the immunity is not limited to the litigation for which the documents were prepared) (*dicta*). The Court finds, however, that it need not align itself with any of the cited authority because the argument advanced by Pill and the Gagnes fails under either standard. The Gagnes and Power Anchor were adversaries in the original suit. This fact alone takes the present case outside of the authority cited by Pill. In addition, the legal issues in the prior litigation are closely related to the third-party controversy between Pill and Power Anchor. Under these circumstances, the Court finds that the "prior-present" litigation distinction is inapposite.

### B. *Showings of Need and Undue Hardship*

Pill argues that its allegations of bad faith establish the requisite showings of need and undue hardship to overcome Colonia's claim of work product immunity. Some circuit courts of appeals have indicated that serious wrongdoing other than fraud or crime will negate the protection of the work product doctrine. *E.g., In re Sealed Case,* 676 F.2d 793, 807 (D.C.Cir.1982) (noting that exceptions to attorney-client and work product privileges arise when the privileged relationship is used to further a "crime, fraud, or other fundamental misconduct"); *Duplan Corp. v. Deering Milliken, Inc.,* 540 F.2d 1215, 1219–20 (4th Cir.1976) (a finding that no *prima facie* case of bad faith settlement had been established precluded court from reaching issue of whether a crime-fraud-tort exception exists); *Pfizer Inc. v. Lord,* 456 F.2d 545, 549 (8th Cir.1972) (*dicta*) (attorney-client privilege). *See also* 8 J. Wigmore, *Evidence* § 2298, at 577 (McNaughton rev. 1961) ("Yet it is difficult to see how any moral line can properly be drawn at that crude boundary [of crime and civil fraud], or how the law can protect a deliberate plan to defy the law and oust another person of his rights, whatever the precise nature of those rights may be.") (attorney-client privilege).

Other circuits draw distinctions both between attorney misconduct and client misconduct and between information furnished to the attorney and the attorney's mental impressions, conclusions, opinions, and legal theories (often termed "opinion work product"). *In re Special September 1978 Grand Jury (II),* 640 F.2d 49, 63 (7th Cir.1980); *In re Grand Jury Proceedings,* 604 F.2d 798, 802 n. 5 (3d Cir.1979). For instance, where the fraud is committed by the client, the attorney may assert the work product doctrine, whose protection belongs to both the client and the attorney, to protect opinion work product. The client's fraud, however, destroys the protection afforded to other work product documents. *In re Special September 1978 Grand Jury (II),* 640 F.2d at 63. In this circuit, continuing fraudulent conduct on the part of an attorney vitiates any work product immunity. *Craig v. A.H. Robins Co.,* 790 F.2d at 4.

▇▇▇▇ This circuit has apparently adopted the standard articulated by the Second Circuit in *In re John Doe Corp.,* 675 F.2d 482 (2d Cir.1982). *See Craig v. A.H. Robins Co.,* 790 F.2d at 4.[3] The Sec-

---

**3.** The Court finds that the precise standard adopted by the circuit is uncertain. In *Craig,* the original ruling on the admissibility of the attorney's testimony was based on a finding that

a *prima facie* case had been established. *Craig v. A.H. Robins Co.,* 790 F.2d at 3. Nevertheless, in discussing the work product doctrine, the court expressly adopted the reasoning of the

ond Circuit requires one who seeks to override the doctrine to present sufficient facts to establish probable cause to believe that a crime or fraud was committed and that the documents were prepared and used as part of an ongoing scheme of crime or fraud. *In re John Doe Corp.*, 675 F.2d at 492.

The Court has explained *supra* that the Gagnes have failed to establish a *prima facie* case of fraud; for the same reasons, the Court also finds that the Gagnes have not met the probable cause standard. Without specifically deciding whether a showing of bad faith would be sufficient to override the protection, the Court finds that, based on the affidavits before it, Pill has not shown probable cause to believe that Colonia acted in bad faith. Pill's affidavits establish that Colonia now acknowledges that Pill is its insured, that Colonia has offered to defend Pill in any litigation with the Gagnes, that the dollar amount of insurance coverage has been exhausted in actions to which Pill was not a party, and that Colonia is prepared to enforce the legal rights it obtained in the release executed by the Gagnes. Without some additional factual predicate, the above do not establish probable cause to believe that Colonia acted in bad faith. Pill, of course, is free to establish this predicate using the methods referred to by the Court *supra*.

### IV.

For the reasons set forth in detail above, the Court DENIES the Motions by the Gagnes and Pill to Compel the Production of Documents to the extent that they seek present production of the documents to counsel for Pill and the Gagnes. The Court, however, retains the Motions under advisement for the further determination of the propriety of Colonia's claims of relevancy, attorney-client privilege, and work product immunity if and when counsel shall bring the motion on for further consideration on a more complete record. It is therefore hereby ORDERED that on or before January 22, 1987, counsel for Colonia:

(1) File with all counsel and the Clerk a detailed itemization of all documents WITHHELD. The itemization will identify each document by date of origination; title (such as letter, report, or whatever is appropriate); name of the author; and name of the person to whom it was sent, including a designation of "to file" if it was sent to file. In addition, the itemization will specifically state the ground upon which Defendant Colonia bases its right to withhold production, including a brief explanation as to why the document satisfies the elements of the claimed protection. This explanation will specify with particularity which documents contain opinion work product; and

(2) Assemble all documents requested in the Notices of Deposition *duces tecum* and within the scope of Plaintiff Pill's letter of October 9, 1986, including all files of the law firm of Hurstfelt and Rubin and have these documents available within the District of Maine in the possession of Colonia's local counsel.

In addition, it is hereby ORDERED that the depositions noticed in the above Notices of Deposition *duces tecum* go forward, with the reservation that depositions of Defendant Zurich not occur until the completion of the depositions of Colonia.

---

Second Circuit in *Doe Corp.* without acknowledging that that court had applied a probable cause standard. *Id.* at 4.