The BOARD OF TRUSTEES OF the LELAND STANFORD JUNIOR UNIVERSITY, Plaintiff,

v.

COULTER CORPORATION, Defendant.

No. 86–0718–Civ.

United States District Court,
S.D. Florida.

Aug. 18, 1987.

Charles De La Garza of Arnold, White & Durkee, Houston, Tex., for plaintiff.

Myron Cass of Silverman, Cass, Singer & Winburn, Chicago, Ill., for defendant.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL PRODUCTION OF DOCUMENTS

EDWARD B. DAVIS, District Judge.

THIS MATTER is before the Court on Plaintiff, THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY's (hereinafter "THE BOARD") Motion for Order Compelling Production of Documents, Defendant, COULTER CORPORATION's (hereinafter "COULTER") Memorandum in Opposition thereto, and Plaintiff's Reply Memorandum.

## INTRODUCTION

This is an action for patent infringement of U.S. Patent No. 4,520,110 ("the '110 patent"). If it is established that COULTER's alleged infringement of the '110 patent was willful and deliberate, THE BOARD may be entitled to an award of increased damages and attorney's fees. 35 U.S.C. §§ 284, 285. For its defense,

COULTER may seek to introduce at trial evidence that it relied on the advice of its attorney, Mr. Myron Cass, that patent '110 was either invalid or not infringed.

COULTER has turned over to THE BOARD the substance of Mr. Cass' opinion in written form. However, on March 2, 1987, THE BOARD filed a Motion in Limine to exclude at trial any evidence of Mr. Cass' legal opinion concerning the invalidity of the '110 patent, or alternatively, to take Mr. Cass' deposition and for Mr. Cass to produce certain documents at said deposition. On May 20, 1987, the Court granted in part the Motion in Limine. In the May 20th Order, the Court instructed COULTER to make Mr. Cass available for deposition within twenty (20) days from the date of the Order, or alternatively COULTER would be precluded from introducing any evidence of an opinion regarding the '110 patent. The Court did not direct Mr. Cass to produce at his deposition the documents which formed the basis of the opinion given.

Subsequently, THE BOARD requested that the Court hold the 20–day requirement in abeyance in order for it to file a memorandum in support of a motion to compel production of the documents sought initially. That motion is the subject of this Order.

## DISCUSSION

Communications made by and between a client and his attorney in the rendering of professional legal services are privileged communications not subject to disclosure under the "attorney-client" privilege. *See e.g., In re Grand Jury Subpoena,* 788 F.2d 1511 (11th Cir.1986); *U.S. v. Kelly,* 569 F.2d 928 (5th Cir.1978), *cert. denied* 439 U.S. 829, 99 S.Ct. 105, 58 L.Ed.2d 123 (1978). Privileged communications, however, may be waived. For example, a voluntary disclosure of the asserted confidential communications by the holder waives the privilege. *See United States v. American Tel. and Tel. Co.,* 642 F.2d 1285 (D.C. Cir.1980).

The Court finds that COULTER has waived the attorney client privilege for two reasons. First, COULTER has waived the privilege as to communications and documents relating to the advice given by Mr. Cass by deliberately injecting the advice into this case as a defense to THE BOARD's allegation that the alleged infringement was "willful and deliberate." *See Handgards, Inc. v. Johnson & Johnson,* 413 F.Supp. 926, 929 (N.D.Cal.1976). Second, waiver exists because it would be inequitable to have COULTER present selected communications in its defense, while withholding from THE BOARD possibly damaging communications under the guise of attorney-client privilege. *Id. See also Smith v. Alyeska Pipeline Service Co.,* 538 F.Supp. 977, 979 (D.Del.1982), and *International Telephone and Telegraph Corp. v. United Telephone,* 60 F.R.D. 177, 185–86 (M.D.Fla.1973). It was for these reasons that the Court granted THE BOARD's motion to take Mr. Cass' deposition in its May 20, 1987 Order.

Not satisfied with deposing Mr. Cass, THE BOARD has repeated its request that Mr. Cass produce "all documents which constitute, refer, relate or form the basis of any opinion respecting the validity or infringement of the '110 patent." (Plaintiff's Memorandum in Support of Motion for Order Compelling Production at 1). Some of these documents, however, may be protected by an independent source of immunity from discovery, the "work-product" doctrine. Fed.R.Civ.P. 26(b)(3) sets forth the contours of the work-product doctrine as follows:

> ... a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the

court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.[1]

Under the present facts, THE BOARD has demonstrated that it has substantial need of the documents and cannot obtain them without undue hardship. However, Rule 26(b)(3) unequivocally provides that mental impressions *shall* be protected, even if a showing of substantial need and hardship is made with respect to other portions of a document. This Court adopts the position of many courts which have interpreted this language to create an absolute immunity to the discovery of mental impressions found in litigation documents. *See, e.g., Duplan Corp. v. Moulinage et Retorderie de Chavanoz*, 509 F.2d 730 (4th Cir.1974), *cert. denied*, 420 U.S. 997, 95 S.Ct. 1438, 43 L.Ed.2d 680 (1975); *United States v. Chatham City Corp.*, 72 F.R.D. 640, 642 (S.D.Ga.1976). *Cf. Bird v. Penn Central Company*, 61 F.R.D. 43 (E.D.Pa.1973) (production of attorneys' memoranda containing mental impressions related to sufficiency of a rescission claim ordered where party relied on attorney's advice); *Handgards*, 413 F.Supp. at 931. Nevertheless, the Court finds that any *non-mental* impressions documented by Mr. Cass should be produced to Plaintiff in the event COULTER wishes to rely on the advice-of-counsel defense.

## CONCLUSION

In light of the foregoing, it is hereby ORDERED AND ADJUDGED that

COULTER is to produce any and all documents or notes which constitute, refer, relate or form the basis of any opinion respecting the validity or infringement of the '110 patent. COULTER may excise those portions necessary to "protect against disclosure of mental impressions,

conclusions, opinion, or legal theories as directed by the last sentence of Fed.R. Civ.P. 26(b)(3)." *Joyner v. Continental Insurance Companies*, 101 F.R.D. 414 (S.D.Ga.1983) (citations omitted). COULTER is further instructed to make Mr. Cass available for deposition within ten (10) days of the date of this Order.

The Court cautions counsel for both sides that this discovery is to be conducted in good faith. Due to the imminence of trial, the Court does not wish to hear a motion for *in camera* inspection of the subject documents.

---

1. A prerequisite to immunity protection under Rule 26(b)(3) is that the documents be "prepared in anticipation of litigation or for trial." Both parties here appear to agree that the documents in question were "prepared in anticipation of litigation." The Court's opinion assumes such to be the case. However, should Plaintiff be able to establish that the documents it seeks were not prepared for litigation, the protection afforded under Rule 26(b)(3) does not attach, and modification of this Order may be warranted. *See Carver v. Allstate Insurance Co.*, 94 F.R.D. 131 (S.D.Ga.1982).